STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HELEN SWARTZ, Individually,         :
                                 :
            Plaintiff,           :
                                 :
vs.                               :        Case No.:
                                 :
936 HOSPITALITY, LLC,          :
a Rhode Island Limited Liability Company,    :
                                 :
            Defendant.       :
_____/

## **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, 936 HOSPITALITY, LLC, a Rhode Island Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Defendant's property, THE QUALITY INN & SUITES (RI032), is located at 936 West Main Road, Middletown, RI, in the County of Newport.

2.      Venue is properly located in the District of Rhode Island because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.

The Plaintiff has enjoyed visiting the Newport Rhode Island area for a variety of reasons. She has always had an interest in architecture and Newport and its surroundings have an abundance of beautifully preserved old mansions and historic buildings.

The Plaintiff and her husband have good friends who live in Newport who they enjoy visiting. This couple also spends a portion of the year in their condominium building in Miami Beach.

One of the Plaintiff's best friends has several Air B&B properties in the area and when visiting him, she and her husband experience the particular foods and charms of New England. The museum at Rhode Island School of Art and Design is another reason that keeps them returning to the area.

It is important to note that the Plaintiff has a strong connection to the Northeast. She was born and raised in New York City and lived for many years in Philadelphia.  She also has friends and family in New York and Philadelphia.

Helen Swartz was a guest of the subject hotel on June 21 through June 22, 2020, and has reservations to return to the property on March 14 through March 15, 2021, to see friends, visit the mansions, enjoy the early Spring weather, and to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.  The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities' facilities and use the

restrooms.

5.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as THE QUALITY INN & SUITES (RI032), and is located at 936 West Main Road, Middletown, RI.

6.     Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz has visited the subject property and desires to visit THE QUALITY INN & SUITES (RI032) in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7.     The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.  Furthermore, the Defendant has discriminated against the individual Plaintiff and others similarly situated by having its ADA accessible guestrooms for the disabled in a more expensive category than the non-ADA guestrooms.

8.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of THE QUALITY INN & SUITES (RI032) has shown that violations exist.  These violations that Ms. Swartz has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert,  include but are not limited to:

a.      Upon checking in, the front desk chose to give the plaintiff a different room that was requested. Instead of an accessible guestroom with a roll-in shower, the plaintiff was given an accessible guestroom with a bathtub. This is in violation of §36.201, §36.302 (e)(1)(i-v). This made it difficult for the plaintiff as she this was not what she had requested.

b.      The woman who checked in the plaintiff said that the hotel does not have an accessible guestroom with a roll-in shower. She said that their reservation department wasn't aware of the characteristics of the hotel. Management has not trained the hotel staff to identify and describe accessible features in the hotel and guest rooms. This is in violation of the 2010 Standards for Accessible Design: 28 CFR §36.304§36.302 (e)(1)(i-v).

c.      The hotel does not have a written policy, practice, or procedure for their staff to follow so a person with a disability is afforded proper access to the hotel.  This is in violation of the 2010 Standards for Accessible Design: 28 CFR §36.304§36.302 (e)(1)(i-v).

d.       Management attempted to show the plaintiff their supposed accessible guestroom with a shower, however the plaintiff was unable to enter the room as the entry was too narrow, and a turning space was not provided to get near the shower. This is in violation of sections 224.2 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

e.       In the accessible guestroom bathroom, which hotel deemed an accessible guestroom, appropriate grab bars are not provided by the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the water closet.

f.       In the accessible guestroom bathroom, which hotel deemed an accessible guestroom, the flush control on the closed side of the water closet. This is in violation of

4

section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the water closet.

g.      In the accessible guestroom bathroom, which hotel deemed an accessible guestroom, the pipe underneath the lavatory is exposed. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the lavatory.

h.      In the accessible guestroom bathroom, which hotel deemed an accessible guestroom, the mirror above the lavatory is too high. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the mirror.

i.      In the accessible guestroom bathroom, which hotel deemed an accessible guestroom, a tub chair is not provided. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the lavatory.

j.      In the accessible guestroom bathroom, which hotel deemed an accessible guestroom, the shower unit in the bathtub is out of reach.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

k.      In the accessible guestroom bathroom, which hotel deemed an accessible guestroom, the shower spray unit in the bathtub does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

l.      In the accessible guestroom, which hotel deemed an accessible guestroom, the hook on the door is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

m.      In the accessible guestroom, which hotel deemed an accessible guestroom, there is a change in level from the spa area to the living area.  This is in violation of sections 303 and 806.2.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

n.      In the accessible guestroom, which hotel deemed an accessible

guestroom, the spa does not have a lift. This is in violation of section 1009 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      o.     In the accessible guestroom, which hotel deemed an accessible guestroom, the closet rod and shelf are out of reach to a person in a wheelchair. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      p.     In the accessible guestroom, which hotel deemed an accessible guestroom, a clear floor space is not provided on both sides of the bed. This is in violation of section 806.2.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      q.     In the accessible guestroom, which hotel deemed an accessible guestroom, a turning space is not provided to access one of the sides of the bed. This is in violation of section 304 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      r.     In the accessible guestroom, which hotel deemed an accessible guestroom, a maneuvering clearance is not provided to exit the guestroom. This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      s.     In the accessible guestroom, which hotel deemed an accessible guestroom, the light fixtures above the bed are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      t.     In the accessible guestroom, which hotel deemed an accessible guestroom, access to the HVAC is not provided. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      u.     In the accessible guestroom, which hotel deemed an accessible guestroom, items in the guestroom and bathroom are out of reach to a person using a wheelchair. This is in  violation of sections 306, 308, 806 and 811 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

v.  Accessible seating is not provided around the hotel. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access the assorted bars and tables; 28 CFR §36.202 & §36.304.

w.  In the hotel's accessible toilet room, the signage is out of reach to a person in a wheelchair. This is in violation of section 703.4.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

x.  In the hotel's accessible toilet room, the pipe underneath the lavatory is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

y.  In the hotel's accessible toilet room, the flush control is on the closed side of the water closet. This is in violation of section 604.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

z.  In the hotel's accessible toilet room, grab bars are not provided by the water closet. This is in violation of section 604.5 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

aa.  In the hotel's accessible toilet room, the accessible stall door does not have a door pull on both sides of its door. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

bb.  In the hotel's accessible toilet room, the coat hooks on the doors and paper towel dispenser are out of reach to a person in a wheelchair. This is in violation of section 603.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

cc.  The assorted accessible routes to the pool have changes in level that excludes a person in a wheelchair to be able to use the pool. This is in violation of sections 206.2.2, 303 and 403.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This discriminates against the plaintiff as she was unable to use the facility in the same manner as the abled guests. §36.201, §36.202

dd.  A guest with a disability is denied the opportunity to participate in

using the pool that is offered to the hotel's abled guests. This is in violation of §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

ee.      A clear floor space is not provided to a person in a wheelchair to access the dryer. This is in violation of section 305 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

ff.      Access to the vending machine is out of reach to a person in a wheelchair.  This is in violation of section 228 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

gg.      The site does not provide a vehicle pull up space.  This is in violation of section 503 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

hh.      An accessible route is not provided from the parking access aisles to the site.  This is in violation of section 502.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

ii.      The accessible parking spaces have changes in level. This is in violation of section 502.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

jj.      There are accessible parking spaces that are missing identification. This is in violation of section 502.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

kk.      There are accessible parking spaces that do not have access aisles. This is in violation of section 502.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

ll.      Accessible van parking and signage are not provided.  This is in violation of section 502.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

mm.      The site does not provide the minimum number of accessible parking spaces.  This is in violation of section 208.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the

facility.

nn.     The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1)

oo.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

9.     The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

10.     The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

9

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.     Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter THE QUALITY INN & SUITES (RI032) to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the

11

institution of a policy that requires Defendant to maintain its accessible features.

       c.      An award of attorney's fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205.

       d.      Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

Dated:  July 22, 2020                Respectfully submitted,

                            */s/  Kensley R. Barrett*
                            Kensley R. Barrett, Esq.  (#8657)
                            Law Office of Kensley R. Barrett, Esq., Inc.
                            127 Dorrance Street
                            Penthouse
                            Providence, RI 02903
                            401-380-6724
                            Email: ken@krbarrettlaw.com
                            and
                            Lawrence A. Fuller, Esq., *pro hac vice pending*
                            FULLER, FULLER & ASSOCIATES, P.A.
                            12000 Biscayne Blvd., Suite 502
                            North Miami, FL 33181
                            (305) 891-5199
                            (305) 893-9505 - Facsimile
                            Lfuller@fullerfuller.com

                            *Counsel for Plaintiff Helen Swartz*